### LONGO v. LEO FEIST, Inc.
### No. 6504.

Circuit Court of Appeals, Fifth Circuit.
May 24, 1932.

Robert B. Todd, of New Orleans, La., for appellant.

J. Studebaker Lucas, of New Orleans, La., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The record here contains none of the trial record except the brief judgment appealed from, being an extract from the equity journal. There is an inexplicit agreed statement of the case, and of the evidence, apparently made up under Equity Rule 77 (28 USCA § 723). We gather from this that Leo Feist, Inc., obtained a money decree against Vito D. Longo, and had it levied on "the restaurant business including fixtures situated at 701 Camp Street in the City of New Orleans," and that Dominick Longo, the father of Vito D. Longo, filed an intervention, claiming "the business and fixtures" as his own. The intervention was denied. There is no itemization or description of the fixtures levied on and claimed, but it is stated that sixteen exhibits were offered in evidence, "being bills of sale for the various fixtures which were made out to D. Longo." We understand that the fixtures described in the bills of sale were those levied on, and that the D. Longo named in them was Dominick Longo, for he testified without contradiction that he purchased and paid for the fixtures. We are at some loss to know what is meant by the "restaurant business" as a thing levied on. The food, furnishings, and cash on hand, in addition to the fixtures, can be seized and sold by the marshal; but we do not understand that the mere good will of a business apart from control of the premises can be. It is testified by both Dominick and Vito that Dominick had with his own funds bought "the

business" then conducted elsewhere as a going concern from a named person by a check cleared through a local bank, and had leased the premises 701 Camp street in his own name; the renewal of the lease with several canceled rent notes signed by D. Longo being produced. This uncontradicted evidence shows ownership of the fixtures and lease in Dominick Longo. Evidence that Vito conducted the restaurant, bought supplies, took cash from the cash register when he wished, used a business sign bearing his own name, that the business license for 1931 was in the name, not of D. Longo, but Concetta Longo who helped Vito in the restaurant, and Vito's testimony that he did not have to have a license in 1930 "because he had voted right," justify the finding that the business was run and owned by Vito rather than Dominick. This is further corroborated by the proven statements both of Vito and Dominick that Vito "owned the business" or "ran the business." There is no proof, however, that Dominick had ever given or sold his fixtures or other personal property to Vito. The whole evidence can reasonably be reconciled by concluding that Dominick owns the lease and the tangible property which he bought, but has been letting Vito use them in Vito's restaurant business; the result being that the business income is Vito's together with what Vito may have purchased therewith. Dominick's statement, when the levy was made, that the cash in the register was Vito's, except one check which Dominick had just put there, thus becomes intelligible. We cannot from this record tell just what is under levy or what articles are proven to have been bought and paid for by Dominick. The case must be sent back, that on another hearing a proper separation may be made of what is the property of Vito and what is not.

Reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.